UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00697-TPB-CPT

DANIEL LUGO,

      Plaintiff,

      v.

SIESTA SANDS ASSOCIATION, INC.,

      Defendant.

_____/

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)[1]

Plaintiff, by and through his undersigned counsel, files his Motion for

Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) and states as

follows:

---

[1] As a starting point, and for flavor, when the undersigned spoke to defense counsel, Todd Shulby, on December 13, 2022, about another matter, Mr. Shulby directed the conversation to this case and suggested that, in lieu of the upcoming additional trial (on the issue of the ADA being applicable to the Defendant's Hotel), this case should be dismissed. The undersigned asked Mr. Shulby to confirm that his client would agree to dismissal with each side to bear its/his own fees and costs and that Defendant would maintain the Website as modified, with the new accessibility information on it. Mr. Shulby said "yes". The undersigned sought, by email, to confirm this resolution with Mr. Shulby on December 20, 2022. On December 21, 2022, Plaintiff even expanded the settlement agreement's release at Mr. Shulby's request. Now that Plaintiff has agreed to Defendant's request, despite the resolution being proposed by Mr. Shulby (which he was reminded of on December 21, 2022), he, today, December 27, 2022, provided Defendant's witness list and stated, without explanation: "My clients have not authorized the settlement of this case."

## BACKGROUND

Plaintiff filed his Complaint on March 25, 2022. Plaintiff seeks injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). The Complaint (DE 1), at ¶ 3, alleges that Plaintiff is disabled in that he has permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident, he must use a wheelchair to ambulate, and he has limited use of his hands and fingers. ¶ 4 of the Complaint alleges that Defendant is the owner and operator of the Siesta Sands on the Beach (the "Hotel"), which is a public accommodation since it is a place of lodging (Complaint at ¶ 8). ¶ 12 alleges that Defendant's online reservation system for the Hotel ("Website"), for which Defendant is responsible, provides for the reserving of rooms at the Hotel but does not include any of the specific information required by 28 CFR § 36.302(e)(1), which states as follows:

> "**§ 36.302(e) Modifications in Policies, Practices, or Procedures…**
>
> (1) ***Reservations made by places of lodging.*** A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably

2

permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

   **(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

   **(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

   **(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

In response to the filing of Plaintiff's Complaint, Defendant significantly modified the Website, which now provides a lengthy tab entitled "Accessibility Needs/Lackings", describing in detail the lack of accessible features at the Hotel, as requested in the Complaint (Complaint, footnote 1, ¶ 12). The Hotel is undeniably still in direct violation of 28 CFR § 36.302(e)(1)(i), which requires the Hotel to "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms" since it is impossible to reserve an accessible room and Defendant has admitted it has no accessible rooms for the disabled.

No substantive action was taken by either party until the parties, at the Court's suggestion, filed motions for summary judgment in September and early October on the sole issue of whether the Hotel is a public accommodation (DE 29, DE 30). The motions were denied (DE 37), however the Court has set a January

3

12, 2023 bench trial on this issue (DE 36) and has stated that Plaintiff must attend in person. Discovery has been stayed until further order of the Court (DE 28).

Since some of the substantive relief sought by Plaintiff has already been obtained, the primary result of continuing with the litigation would be to significantly increase attorneys' fees, which is not Plaintiff's goal.[2] Plaintiff is also not in a position to incur significant travel and other costs that can be avoided. Although a benefit to Plaintiff would be to obtain an order requiring Defendant to *maintain* the Website with the information regarding non-accessibility so that disabled persons know they cannot stay at the Hotel (see *Haynes v. Hooters of America, LLC*, 893 F.3d 781, 784 (11th Cir. 2017)), since Plaintiff seeks a dismissal without prejudice, he can file a new action if Defendant causes the Website to revert to its prior condition. Plaintiff is also willing to forego his right to recover reasonable attorneys' fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § 12188(a) and does not wish to further pursue litigation primarily for this purpose.

---

[2] Assuming Plaintiff prevails, Defendant would also be required to take down the Website and/or create an accessible unit so that it can comply with 28 CFR § 36.302(e)(1)(i) and enable disabled patrons the ability to reserve an accessible unit and be a guest at the Hotel. Although Plaintiff is entitled to this relief, in light of the denial of Plaintiff's Motion for Summary Judgment, the changes made to the Website (which makes it clear that disabled persons such as Plaintiff cannot stay there), and Defendant's clear unwillingness to create an accessible unit, after considering the significant upcoming burdens and expense to Plaintiff (who is quadriplegic), including traveling to Tampa for what will now be multiple trials, and a deposition, he is willing to forego such relief.

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)[3]

As stated in *Pontenberg v. Boston Scientific Corporation*, 252 F. 3d 1253, 1255-1256 (11ᵗʰ Cir. 2001): "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). 'In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then [sic] the mere prospect of a subsequent lawsuit, as a result.' Id. at 856-57. 'The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal…' Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss. See *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366 (5th Cir. 1967)." In *Pontenberg*, despite the above-described facts, the Eleventh Circuit affirmed the

---

[3] "*By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

district court's dismissal of the action, conditioned only on the payment of costs to the defendant should the plaintiff later refile.[4]

Similarly, in *Barth v. United Airlines*, Case No. 2:06-cv-31-FtM-34SPC (M.D. Fla. 2007), 2007 U.S. Dist. LEXIS 115706, the Court, in an employment discrimination suit, granted the plaintiff's motion to dismiss under Rule 41(a)(2), and did not impose fees and costs as a condition of dismissal, since, inter alia, the Plaintiff's request for dismissal was not motivated by bad faith, the defendant would not suffer clear prejudice as a result of either the dismissal or the claimed loss of financial expenditures to date, and despite the fact that the case was pending for more than a year, the defendant appeared to have been put to limited expense.[5] This Court further stated: "Finally, the Court notes that Defendant has not filed a dispositive motion, nor has Defendant expended any significant sums preparing for trial, which is not scheduled until November of this year. Therefore, the Court concludes that the equities in this case do not favor the payment of fees and costs as a condition of dismissal."

---

[4] The Eleventh Circuit further stated: "Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment. Indeed, a voluntary dismissal by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered."

[5] Defendant's request "that any discovery materials assembled in this case may be used in any later action between the parties arising out the events giving rise to the claims presently before the Court" was granted.

In this action, there is no bad faith since part of the substantive relief sought by Plaintiff was obtained, and therefore can be no argument that Plaintiff's claim was (or is) not well-founded, there is no possible clear prejudice to the Defendant from the requested dismissal, there have been, or should have been, limited financial expenditures by Defendant, no experts have been utilized, no counterclaim has been asserted, the parties summary judgment motions have recently been denied, and there has not, or should not, have been significant sums spent by Defendant preparing for trial since Defendant has already partially modified its Website and dispositive motions were pending until December 2, 2022.

*Laufer v. 7 Hills Hotel, LLC*, Case No.8:22-cv-53 (BKS/ML), 2022 U.S. Dist. LEXIS 201969 (N.D. N.Y. November 7, 2022), decided last month, is on point. Ms. Laufer's action, seeking remediation of a non-compliant hotel reservations system, brought pursuant to 28 CFR § 36.302(e)(1), was the second action that she brought against the defendant, after the first action, and sixty other similar actions brought by the plaintiff, were dismissed, was dismissed pursuant to plaintiff's Rule 41(a)(2) motion without prejudice and without any award of fees or costs or other conditions. The court in *Laufer* found that the plaintiff brought the motion within a reasonable period of time (stating that courts have found in favor of voluntary dismissal within a year after the action began), which is the case in

7

this action. Laufer was not vexatious, in that she did not bring the case to harass the defendant or have ill motive. Here, Plaintiff brought this action seeking an injunction requiring the Website to be remediated and has already obtained some of the relief sought. As stated in *Laufer*, "The threshold for determining that a suit has progressed so far to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgement motion practice, or trial preparations has occurred. The present action has not progressed to a point where dismissal would prejudice Defendant. There has been no substantial motion practice nor trial preparations, and discovery has not been completed." The same analysis would apply here, other than Defendant's motion for summary judgment, which (along with Plaintiff's motion for summary judgment) was denied. The final factor in *Laufer*, the adequacy of the plaintiff's explanation for the need to dismiss, also weighed in favor of plaintiff as it should in this action. Plaintiff, who is severely disabled, has obtained some the relief sought, does not wish to endure the difficulties of the additional travel now required of him to continue with his litigation, or incur the additional costs, and cause additional attorneys' fees to be incurred.

Although, for the reasons discussed above, Plaintiff is seeking to dismiss the action, Plaintiff's claim is not defective and it is still viable, even though Defendant has taken actions to correct its non-compliant Website. In other words,

Plaintiff's claim is not moot. Plaintiff recently litigated this precise issue, and prevailed, resulting in a detailed and comprehensive analysis of the issues in *Lugo v. Protogroup South Tower, LLC*, Case No.  6:22-cv-40-WWB-LHP (M.D. Fla. July 18, 2022, DE 20).

*Haynes v. Hooters of America, LLC*, 893 F.3d 781, 784 (11th Cir. 2017), 2018 U.S. App. LEXIS, 16464, 2018 WL 3030840, involved an alleged non-compliant website. The District Court dismissed the Complaint on the grounds that it was mooted by a settlement agreement addressing the same issues raised in a prior lawsuit and because both lawsuits requested the same relief. In reversing the District Court, the Eleventh Circuit explained:

> "**Relatedly, Haynes requested in his Complaint that the district court direct Hooters to continually update and maintain its website to ensure that it remains fully accessible**. **Accordingly, even if Hooters' website becomes ADA compliant, Haynes seeks injunctive relief requiring Hooters to maintain the website in a compliant condition**. Thus, notwithstanding the fact, as argued by Hooters and as found by the district court, that the Gomez Settlement Agreement supplies Haynes with much of the relief he requested, there is still a live controversy about whether Haynes can receive an injunction to force Hooters to make its website ADA compliant or to maintain it as such. **Therefore, this case is not moot."**[6]

See also, *Sheely v. MRI Radiology Network, P.A.*, 505 F. 3d 1173 (11th Cir. 2007).

---

[6] Likewise, Plaintiff's Complaint, at footnote 2, and in the WHEREFORE clause, requests an injunction "ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter **and maintain** the online reservations system for the cottages in accordance with the requirements set forth in paragraph 7 above" (emphasis added).

As to any argument regarding Defendant being entitled to an attorney's fees award, *Bruce v. City of Gainesville*, 177 F.3d 949, 950-951 (11th Cir. 1999) is controlling. In this decision, the 11th Circuit reversed the district court's award of attorneys' fees to a defendant, who, unlike here, *prevailed* on a motion for summary judgment in an ADA action, finding an abuse of discretion, stating:

> "In *Christiansburg*, the Supreme Court reiterated that, under Title VII, a prevailing plaintiff should ordinarily be awarded attorney's fees in all but special circumstances. However, the Court noted that the equitable considerations supporting this standard for prevailing plaintiff attorney's fees is absent for prevailing defendants, and thus a different standard was needed to be applied for prevailing defendants. **The Court stated that Congress wanted to assure that defendants could be protected from burdensome litigation having no legal or factual basis, and held that 'a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' 434 U.S. at 418-21, 98 S. Ct. 694. To be deemed 'meritless' for purposes of assessing a prevailing defendant's attorney's fees, it is not enough that the plaintiff had ultimately lost his case.** The Court cautioned district courts to resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been a victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable."[7]

---

[7] The 11th Circuit relied on the United States Supreme Court decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 [*951] L. Ed. 2d 648 (1978), which construed an almost identical provision under Title VII and controls the issue of fees/costs in ADA actions.

See also, *Nafziger v. Gospel Crusade, Inc.*, Case No. 8:19-cv-2511-MSS-TGW (M.D. Fla. June 28, 2022), 2022 U.S. Dist. LEXIS 114467 where the defendant prevailed on a motion for summary judgment, but was still denied an award of attorney's fees: "In order to determine whether a suit was frivolous, 'a district court must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.' *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)….Further, these 'are typically met in a case where a defendant prevails on a dispositive motion…'*Lowe v. STME, LLC*, No. 8:18-cv-21-2667- T-33SPF, 2019 WL 2717197 at \*2 (M.D. Fla. June 2019) (citing *Sullivan v. School Board of Pinellas* County, supra, 773 F.2d at 1189, which provides that '[c]ases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment.')… However, allegations that prove to be legally insufficient— such as the plaintiff's—are not necessarily 'groundless' or 'without foundation.' Thus, a defendant is not automatically awarded its attorney's fees because the defendant prevailed on a dispositive motion, such as in this matter…A finding of 'frivolity' has been sustained in cases where summary judgment has been granted in favor of the defendant. *Sullivan v. School Board of Pinellas County,* supra, 773 F.2d at 1189. However, in cases where the plaintiff has adduced evidence sufficient to

support her claims, a finding of frivolity would not stand. Id.; see also *Guevara v. Florida East Coast Railway, LLC,* 18-CV-24726, 2020 WL 5578960 at *3 (S.D. Fla. Aug. 7, 2020), report and recommendation adopted sub nom. *Guevara v. Florida East Coast Railway, LLC,* 18-24726-CIV, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020)."

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he has sought to confer with counsel for the Defendant on whether Defendant objects to this motion but has been unable to do so.

WHEREFORE, Plaintiff respectfully requests an order granting his Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2), unconditionally dismissing this action without prejudice, with each party bearing his/its own fees and costs.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No. 782246
drewmlevitt@gmail.com
Lee D. Sarkin
Florida Bar No. 962848
lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff
